1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
Kristopher Velez

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

KRISTOPHER VELEZ,

         Plaintiff,

         vs.

CITY OF SACRAMENTO; JOHN
HARSHBARGER; DANIEL
FARNSWORTH; BAIL HOTLINE BAIL
BONDS, INC.; AMERICAN SURETY
COMPANY; and  DOES 2 through 25,
inclusive,

         Defendants.
_____/

NO. 2:18-CV-01914-MCE-CKD

**FIRST *AMENDED* COMPLAINT
FOR VIOLATION OF CIVIL
RIGHTS AND STATE LAW**

42 U.S.C. § 1983 – Unlawful
Entry/Excessive Force; Bane Act;
Failure to Supervise; *Monell* Liability;
Battery; Negligence; Trespass

**JURY TRIAL DEMANDED**

Plaintiff complains and alleges as follows:

## I. INTRODUCTION

1.    This is a civil rights action with state and federal claims arising from the shooting of Kristopher Velez by Sacramento police K-9 officer John Harshbarger on September 18, 2017. In an outrageous and unlawful attempt to take Velez into custody on that date, bail bond agents forced their way through a window into Velez's home after he missed a single court date for a misdemeanor offense. Startled by the bail bond agents' unannounced intrusion, Velez retreated to his bathroom with a gun he kept for self-protection. Officers from the Sacramento Police Department responded to assist the bail bond agents. There was

a standoff of minimal intensity between Velez and the police which concluded with Velez putting his handgun down on the floor. At that point Velez was unarmed and it was apparent that he did not pose an immediate threat to anyone. It was then that Officer Harshbarger shot Velez from point blank range. Velez was struck by at least four rounds. He suffered severe and life threatening injuries and is now partially disabled and in need of further surgeries. Less than two minutes after the shooting, and immediately after another officer had asked him to explain what happened, Harshbarger turned off the audio recorder on his body camera. Velez was not charged with any crime in connection with this incident.

## II. VENUE/ JURISDICTION

2.      Plaintiff's claims alleged herein arose in the County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).   This complaint seeks damages and attorney's fees pursuant to Title 42 U.S.C. sections 1983 and 1988 for the violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.  This case was initially filed in Sacramento County Superior Court and was removed to Federal Court by the City of Sacramento.

## III. PARTIES

3.      During all times mentioned in this complaint, plaintiff Kristopher Velez (hereinafter "Velez") was, and is, a United States citizen and is a resident of the County of Sacramento, California.

4.      Defendant City of Sacramento is a public entity within the definition of California Government Code § 811.2. Pursuant to California Government Code § 945, public entities are subject to suit. Defendant City of Sacramento operates and manages the Sacramento Police Department.

5.      Defendant John Harshbarger (hereinafter, "Harshbarger") was employed by the City of Sacramento as a Sacramento Police Department officer. At all relevant times he was

1  acting in the course and scope of that employment and under color of state law. Harshbarger
2  is being sued in his individual capacity.

3      6.      Defendant Bail Hotline Bail Bonds, Inc., a California corporation, was doing
4  business from offices at 3601 University Avenue, 2nd Floor, Riverside, CA, 92501. At all
5  times relevant, Defendant Bail Hotline Bail Bonds, Inc. was in the business of regularly
6  writing bail bonds for criminal defendants in Sacramento County.

7      7.      Defendant American Surety Company, an Indiana corporation, was doing
8  business from offices at 250 East 96th Street, Suite 202, Indianapolis, IN, 46240. At all
9  times relevant, Defendant American Surety Company was in the business of providing the
10  actual bonds for multiple bail bond companies doing business in Sacramento County.

11      8.      Defendant Daniel Farnsworth (hereinafter, "Farnsworth") was employed by the
12  City of Sacramento as a Sacramento Police Department Sergeant. At all relevant times he
13  was acting in the course and scope of that employment and under color of state law.
14  Farnsworth is being sued in his individual capacity.  Farnsworth was referred to as Doe 1 in
15  the initial complaint.

16      9.      The true names and identities of defendant Does 2 through 5 are presently
17  unknown to plaintiff. Plaintiff alleges that each defendant Does 2 through 5 was employed
18  by the Sacramento Police Department at the time of the conduct alleged and was responsible
19  for the promulgation of the customs and practices which caused the acts alleged herein and
20  which resulted in plaintiff's injuries. Plaintiff will seek to amend this Complaint as soon as
21  the true names and identities of defendant Does 2 through 5 have been ascertained.

22      10.     The true names and identities of defendant Does 6 through 10 are presently
23  unknown to plaintiff. Plaintiff alleges that each defendant Does 6 through 10 was a
24  supervisor employed by the Sacramento Police Department at the time of the conduct
25  alleged and was individually responsible for the training, supervision and discipline of
26  Sacramento Police Department officers, including Harshbarger. Plaintiff asserts that the
27  failure to properly train, supervise and discipline Sacramento Police Department officers,
28  including Harshbarger, was a cause in fact of the injuries alleged herein.  Plaintiff will seek

1  to amend this Complaint as soon as the true names and identities of defendant Does 6

2  through 10 have been ascertained.

3       11.    The true names and identities of defendant Does 11 through 15 are presently

4  unknown to plaintiff. Plaintiff alleges that each defendant Does 11 through 15 was

5  employed by the Sacramento Police Department at the time of the conduct alleged and was

6  responsible for the shootings and/or the acts and/or omissions which resulted in plaintiff's

7  injuries and the violation of his constitutional rights.  Plaintiff will seek to amend this

8  Complaint as soon as the true names and identities of defendant Does 11 through 15 have

9  been ascertained.

10      12.    The true names and identities of defendant Does 16 through 20 are presently

11  unknown to plaintiff. Plaintiff alleges that each defendant Does 16 through 20 were agents,

12  servants or employees of defendant Bail Hotline Bail Bonds, Inc. Plaintiff will seek to

13  amend this complaint as soon as the true names and identities of defendant Does 16 through

14  20 have been ascertained.

15      13.    The true names and identities of defendant Does 21 through 25 are presently

16  unknown to plaintiff. Plaintiff alleges that each defendant Does 21 through 25 were agents,

17  servants or employees of defendant American Surety Company. Plaintiff will seek to amend

18  this Complaint as soon as the true names and identities of defendant Does 21 through 25

19  have been ascertained.

20           **IV. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**

21      14.    Plaintiff filed a timely government tort claim with the City of Sacramento as a

22  prerequisite to the state law claims alleged herein.

23      15.    That claim was filed on October 6, 2017, and has been acknowledged but not

24  acted upon by the City of Sacramento. As more than 45 days have passed since the filing of

25  the claim, that claim may be deemed rejected by operation of law.

26  ///

27  ///

28  ///

Velez – First *Amended* Complaint for Damages      4

# V. FACTUAL ALLEGATIONS

16.     Velez was living in a single family residence on Bellini Way in the Glen Elder section of South Sacramento. That neighborhood is both an ethnically and racially diverse area though economically disadvantaged.

17.     At the time of the shooting, the 30-year-old Velez stood six feet and three inches tall and weighed approximately 160 pounds.

18.     Velez was born in New York and is of mixed Puerto Rican and European descent. Prior to moving to California, Velez lived in New York, Tennessee and Florida.

19.     Velez is unmarried. He is the father of a three-year-old daughter who was not in the home at the time of the incident.

20.     From 2009 to 2011, Velez served in Iraq as a member of the Tennessee National Guard's 278th Air Cavalry Regiment. Velez later served with the U.S. Army Reserve.

21.     He received honorable discharges from both the Tennessee National Guard and the U.S. Army.

22.     Velez suffers from post-traumatic stress disorder as a result of his military service in Iraq.

23.     Prior to September 18, 2017, Velez did not appear at a court date for a misdemeanor offense for which he had posted bail. The court issued a bench warrant.

24.     On the evening of September 18, 2017, two bail bond agents went to Velez's house to take him into custody.

25.     The bail bond agents either did not knock and announce their presence, or failed to do so such that Velez could hear them. The bail bond agents proceeded to force their way into Velez's home through a rear window. Whether announced or unannounced, the bail bond agents had no legal right to enter Velez's home for any purpose, including to take him into custody for his non-appearance at a hearing for a misdemeanor offense.

26.     It is unknown whether the bail bond agents called the Sacramento Police Department for assistance before or after they illegally entered the home. Officers, including

1   Harshbarger, Farnsworth and Does 11-15 were dispatched to the Bellini address for that
2   purpose.

3       27.    At the time the bail bond agents forced their way into his home, Velez was the
4   only person there.

5       28.    Velez became aware that intruders had entered his house, which put him in
6   immediate fear for his own safety.

7       29.    Velez retreated to his bathroom with a handgun that he had for self-protection.

8       30.    While Velez was in the bathroom, a shot accidently discharged from the
9   handgun. The discharged bullet did not leave the bathroom.

10       31.    While inside the house, the bail bond agents let Sacramento Police Department
11   officers into the home through the front door.

12       32.    When the officers entered the house, Velez was still in the bathroom.

13       33.    It was apparent to the officers almost immediately after they entered Velez's
14   home that the situation did not require the use of deadly force. Farnsworth calmly interacted
15   with Velez and reassured him that he could safely come out of the bathroom and put down
16   the gun and that no one was going to hurt him. After some time, Velez came out of the
17   bathroom and, after accepting Farnsworth's reassurances, put his handgun down on the
18   floor, at which time he was immediately shot by Harshbarger.

19       34.    When Velez was shot, he was unarmed and was not engaged in any action that
20   would lead any reasonable officer to believe he presented an immediate risk of threat at that
21   time.

22       35.    Immediately prior to the shooting, Farnsworth can be seen standing in the open
23   talking with Velez with no apparent sense of urgency or concern regarding an immediate
24   threat.

25       36.    The decision to have Harshbarger act as a primary cover officer while
26   Farnsworth was talking with Velez was a tactical mistake with near-fatal consequences.
27   Harshbarger was a K-9 officer whose dog was present in the house during this incident. The
28   dog was off-leash and Harshbarger's attention was clearly divided, as can be seen and heard

1   on police recordings, between paying attention to Farnsworth's interaction with Velez and

2   trying to keep his dog under control.

3      37.    There were multiple other officers inside Velez's home who could have safely

4   performed the cover duty.

5      38.    Sacramento Police Department K-9 officers have historically been responsible

6   for uses of force in far greater numbers than other officers. They use force on unarmed

7   people disproportionately more than any other unit of the department. Sacramento Police

8   Department K-9 officers routinely use unjustified force on individuals who are both

9   unarmed and who have been or are complying with police commands.

10     39.    Immediately after the shooting, Farnsworth looked at Harshbarger in a manner

11   that conveyed a quizzical question of "WTF?". Harshbarger responded, falsely claiming that

12   Velez had pointed the gun at them.

13     40.    Neither Farnsworth's actions nor those of any other officer present were

14   consistent with the substance of Harshbarger's self-serving statement that Velez had ever

15   aimed his handgun at the officers or anyone else.

16     41.    Less than two minutes after the shooting, and immediately after another officer

17   had asked him to explain what happened, Harshbarger turned off the audio recorder on his

18   body camera.

19     42.    Velez was hit by at least four bullets which struck him in the chest, shoulder, arm

20   and leg, causing life-threatening injuries. One of the bullets missed his heart by less than an

21   inch. He was taken by ambulance to UC Davis Medical Center where he underwent a

22   number of emergency surgical procedures and remained hospitalized for ten days. Velez

23   suffered multiple broken bones and significant nerve damage from the multiple gunshot

24   wounds. Fragments of bullets remain inside of him and continue to cause him problems. He

25   now has difficulty walking, limited mobility and only partial use of his left hand. Velez still

26   requires additional surgery for his gunshot injuries and still has to undergo prolonged

27   physical rehabilitation and therapy.

28     43.    Velez was not charged with any criminal offense in connection with the incident.

Velez – First *Amended* Complaint for Damages      7

44. The police had no right to assist the bail bond agents in their illegal home invasion and no right to be in Velez's home other than perhaps to arrest the bail bond agents.

45. Although seven months have passed, the district attorney has still not released its review of Velez's shooting or revealed its decision as to whether or not Harshburger will be criminally charged. This is not surprising considering the district attorney has not released a review of any officer involved shooting, fatal or non-fatal, for any police shooting that occurred after November of 2016.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Excessive Force-Shooting**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. § 1983)**
*(Against Defendants Harshbarger and Does 11-15)*

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47. The actions of defendants Harshbarger and Does 11-15, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, defendant Harshbarger and Does 11-15 interfered with plaintiff's rights when they used excessive and unjustified force against him while inside his home, including when Harshbarger and possibly others fired their weapons at plaintiff at point-blank range under circumstances where it was clear that plaintiff posed no immediate risk of threat to any person and without any objectively reasonable justification for the shooting.

48. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

49. The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
Excessive Force-Shooting
(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:
Actionable under Cal. Civil Code § 52.1(b)/Bane Act)
*(Against Defendants City of Sacramento, Harshbarger and Does 11-25)*

50.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth herein.

51.     The actions of defendants City of Sacramento, Harshbarger and Does 11-25 as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution. Specifically, defendants, and each of them, interfered with plaintiff's rights when they used excessive and unjustified force against him while inside his home, including when Harshbarger and possibly others fired their weapons at plaintiff at point-blank range under circumstances where it was clear that plaintiff posed no immediate risk of threat to any person and without any objectively reasonable justification for the shooting.

52.     Defendants' actions constituted an excessive use of force and a violation of plaintiff's right to bodily integrity, and further interfered with his personal rights as guaranteed by California Civil Code § 43.

53.     The City of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

54.     As a direct and proximate result of said acts and/or omissions by defendants City of Sacramento, Harshbarger and Does 11-25, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

55.     Defendants' violations of plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles plaintiff to compensatory and punitive damages against the individual, non-entity defendants and attorney fees, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

56.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

1  rights as secured by Civil Code § 52.1, thereby entitling plaintiff to an award of punitive

2  damages against the individual, non-entity defendants pursuant to Civil Code § 52(b)(1).

### THIRD CAUSE OF ACTION
**Unlawful Entry**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. § 1983)**
*(Against Defendants Harshbarger, Farnsworth and Does 11-15)*

57.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56, as though fully set forth herein.

58.    Specifically each of defendants Harshbarger and Does 11-15 unreasonably entered plaintiff's home without a warrant and without probable cause, exigent or emergency circumstances or any other lawful justification.

59.    The actions of defendants Harshbarger, Farnsworth and Does 11-15, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, defendant Harshbarger, Farnsworth and Does 11-15 interfered with plaintiff's rights when they unlawfully entered his home which constituted an unreasonable search.

60.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

61.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages.

### FOURTH CAUSE OF ACTION
**Unlawful Entry**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against Defendants City of Sacramento, Harshbarger, Farnsworth and Does 11-25)*

62.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61, as though fully set forth herein.

63.     The actions of defendants City of Sacramento, Harshbarger, Farnsworth and Does 11-25 as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution. Specifically, defendants, and each of them, interfered with plaintiff's rights when they unlawfully entered Velez's home.

64.     Defendants' actions constituted an unlawful entry and an unreasonable search and interfered with his personal rights as guaranteed by section 43 of the California Civil Code.

65.     The City of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

66.     As a direct and proximate result of said acts and/or omissions by defendants City of Sacramento, Harshbarger, Farnsworth and Does 11-25, plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, humiliation, emotional distress and other injuries.

67.     Defendants' violations of plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles plaintiff to compensatory and punitive damages against the individual, non-entity defendants and attorney fees, all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

68.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights as secured by Civil Code § 52.1, thereby entitling plaintiff to an award of punitive damages against the individual, non-entity defendants pursuant to Civil Code § 52(b)(1).

### FIFTH CAUSE OF ACTION
**Individual and Entity Liability/Failure to Supervise**
**(Actionable under 42 U.S.C. §1983)**
(*Against Defendants City of Sacramento, Farnsworth and Does 6-10*)

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68, as though fully set forth herein.

///

70.     The aforementioned acts of Defendant Harshbarger and Does 11-15, as alleged herein, including but not limited to Harshbarger's shooting Velez without justification, violated Velez's rights as protected by the Fourth Amendment (through the application of the Fourteenth Amendment) of the United States Constitution, and occurred as a result of the failure to supervise subordinates by defendants City of Sacramento, Farnsworth and Does 6-10. In particular, defendants have failed to adequately supervise officers, including Harshbarger, by permitting officers to turn off their body cameras to protect themselves from being held responsible for their actions and by failing to take adequate steps to ensure that officers employ deadly force appropriately.

71.     The aforesaid defendants knew or had constructive knowledge that their subordinates were engaging in these acts and that their conduct would deprive plaintiff of these rights, and failed to exercise adequate control and supervision, which resulted in the conduct alleged herein.

72.     As a direct and proximate result of the aforementioned actions of defendants City of Sacramento and Does 6-10, plaintiff suffered injuries and damages as alleged herein.

73.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against the individual, non-entity defendants.

### SIXTH CAUSE OF ACTION
**Entity Liability/Failure to Investigate and Discipline**
**(*Monell* claim: Actionable under 42 U.S.C. §1983)**
(*Against Defendants City of Sacramento and Does 6-10*)

74.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73, as though fully set forth herein.

75.     The aforementioned acts of defendants Harshbarger and Does 11-15 as alleged herein, including but not limited to Harshbarger's shooting Velez without justification, occurred as a result of the failure by defendants City of Sacramento and Does 6-10 to adequately investigate and discipline deputies' uses of excessive force.

76.     The failure by defendants City of Sacramento and Does 6-10 to investigate and discipline deputies' uses of excessive force amounted to deliberate indifference to the rights and privileges of citizens of the City Sacramento to be free of excessive force and unlawful entries into their homes.

77.     The inaction of defendants City of Sacramento and Does 6-10 was a direct and proximate cause of the injuries suffered by plaintiff in that said defendants tacitly encouraged, ratified and/or approved of the violation of plaintiff's rights and/or failed to adequately investigate and discipline the use of excessive force to prevent the occurrence of the constitutional violations alleged above. In particular, defendants have failed to investigate shootings so as to make appropriate decisions regarding discipline, remediation and police department policy and training deficiencies. Harshbarger was also involved in a 2014 shooting. Defendants' failure to properly address prior shootings has resulted in this shooting as well as later shootings.

78.     Defendants City of Sacramento and Does 6-10 knew or had constructive knowledge that such conduct was unjustified and would result in violations of plaintiff's constitutional rights.

79.     As a direct and proximate result of the aforementioned practices of defendants City of Sacramento and Does 6-10, plaintiff suffered injuries and damages as alleged herein.

80.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against the individual, non-entity defendants.

**SEVENTH CAUSE OF ACTION**
*Monell* **Liability: Actionable under 42 U.S.C. 1983)**
(*Against Defendants City of Sacramento and Does 2-5*)

81.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 80, as though fully set forth herein.

82.     The aforementioned acts and/omissions of defendants Harshbarger and Does 11-15, as alleged herein, including but not limited to Harshbarger's shooting Velez without

justification, resulted in the violation of plaintiff's Fourth Amendment rights and occurred as a result of the policies and practices of defendants City of Sacramento and Does 2-5. In particular, the use of force policies and practices of the City of Sacramento and Does 2-5 have resulted in the use of deadly force upon individuals who do not present a significant and immediate risk of death or harm to others. The policies and practices at issue have encouraged officers to use deadly force when it can be rationalized as opposed to when it is lawful and necessary. In addition, the defendants' use of force policies and practices fail to take into account whether an individual against whom force is used suffers from mental illness and/or disability. Defendants' policies permitted and/or encouraged officers to turn off their body camera recording devices after shootings to help insulate themselves and the department from civil and criminal liability. Defendants also have a practice of permitting and/or encouraging officers to employ force and deadly force more readily in economically disadvantaged areas than in non-economically disadvantaged areas.

83.    Defendants City of Sacramento and Does 2-5 knew or had constructive knowledge that implementing or condoning these informal policies/practices would cause deputies to deprive individuals, including the plaintiff, of their constitutional rights.

84.    As a direct and proximate result of the aforementioned practices of defendants City of Sacramento and Does 2-5, plaintiff suffered injuries and damages as alleged herein.

85.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against the individual, non-entity defendants.

### EIGHTH CAUSE OF ACTION
**Battery – California State Law**
*(Against Defendants City of Sacramento and Harshbarger)*

86.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 85, as though fully set forth herein.

///

///

87.     The conduct of defendants City of Sacramento and Harshbarger as alleged herein, including but not limited to Harshbarger's shooting Velez without justification, constituted a battery.

88.     Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

89.     The City of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

90.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of punitive damages against the individual, non-entity defendants.

### NINTH CAUSE OF ACTION
### Negligence – California State Law
*(Against Defendants City of Sacramento, Harshbarger, Farnsworth and Does 11-25)*

91.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 90, as though fully set forth herein.

92.     On September 18, 2017, plaintiff was owed a duty of care by each defendant.

93.     On the same date, defendants breached the duty of care owed to plaintiff in that defendants negligently caused plaintiff's injury, harm and damage.

94.     In particular, Defendant Harshbarger breached his duty of care by shooting the unarmed Velez. Defendant Harshbarger, Farnsworth and Does 11-15 breached their duty of care by unlawfully entering Velez's home and remaining inside, by entering with a police dog, by failing to ascertain in a timely manner the unlawful nature of the entry and by having Harshbarger act as the main cover officer while he was also attempting to control the dog. Does 16-25 breached their duty of care by not properly announcing themselves, illegally entering, not accurately relaying information to police officers.

95.     As a direct and proximate result of the foregoing, plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, including, but not limited to general damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH CAUSE OF ACTION
### Trespass– California State Law
*(Against Does 16-25)*

96.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 95, as though fully set forth herein.

97.     Plaintiff lived in and occupied the home at Bellini way.

98.     Defendant Does 16-25 intentionally, recklessly or negligently entered plaintiff's home through the window on September 18, 2017.

99.     As a direct and proximate result of the foregoing, plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, including, but not limited to general damages.

## VII. PRAYER FOR RELIEF

Wherefore, plaintiff prays for the following relief:

1.   For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2.   For punitive and exemplary damages against each individual, non-entity defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3.   For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law;

4.   For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.


Dated:  July 25, 2018                              Respectfully submitted,


                                                   /s/ Stewart Katz
                                                   STEWART KATZ
                                                   Attorney for Plaintiff

1

## **DEMAND FOR TRIAL BY JURY**

2
     Plaintiff Kristopher Velez hereby demands trial by jury.

3

4
Dated:  July 25, 2018          /s/ Stewart Katz
                           STEWART KATZ

5
                           Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28