UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER VELEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO et al.,<br><br>　　　　Defendants. | No.  2:18-cv-01914-MCE-CKD<br><br>**ORDER** |

　　　　This is a civil rights action pursuant to 42 U.S.C. § 1983 and state law filed by Plaintiff Kristopher Velez ("Plaintiff") against two sets of defendants:  (1) City of Sacramento, Daniel Farnsworth, and John Harshbarger (collectively, "City Defendants"); and (2) Brian Smith, Alex Hastings, Bail Hotline Bail Bonds, Inc., Fugitive Recovery Investigations, Inc., and American Surety Company (collectively, "Bail Defendants").  On August 12, 2021, the parties engaged in private mediation in which City Defendants agreed to pay Plaintiff $3,250,000 in exchange for the dismissal of this action with prejudice.  ECF No. 48 at 4.  Bail Defendants did not agree to any settlement payment. Id.  On August 27, 2021, City Defendants filed an application for a good faith settlement determination pursuant to California Code of Civil Procedure § 877.  ECF No. 48. Plaintiff and Bail Defendants do not oppose the application.  ECF Nos. 54, 55.

///

Section 877 provides that a good faith settlement "shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(b); see also id. § 877.6(c) ("A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."). Courts usually consider the factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 498 (1985), in making a good faith determination. However, "only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the Tech-Bilt factors." City of Grand Terrace v. Superior Ct., 192 Cal. App. 3d 1251, 1261 (1987) ("[W]hen no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient."); see also Hernandez v. Contra Costa Cnty., Case No. 20-cv-01183-AGT, 2021 WL 1858297, at *1–2 (N.D. Cal. Mar. 30, 2021).

The Court has reviewed City Defendants' unopposed application and the Declaration of Sean D. Richmond and finds it unnecessary to weigh the Tech-Bilt factors. Accordingly, City Defendants' application for a good faith settlement determination, ECF No. 48, is GRANTED.[1]

IT IS SO ORDERED.

Dated: October 22, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).