UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER VELEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BAIL HOTLINE BAIL BONDS, INC., et al.,<br><br>    Defendants. | No. 2:18-cv-01914-MCE-CKD<br><br>**ORDER** |

This lawsuit arises from the officer-involved shooting of Plaintiff Kristopher Velez ("Plaintiff") on September 18, 2017. Plaintiff's complaint, initially filed in state court, was removed here on federal question grounds pursuant to 28 U.S.C. § 1331 inasmuch as Plaintiff's lawsuit included claims made pursuant to 42 U.S.C. § 1983 against Defendants City of Sacramento and police officers John Harshbarger and Daniel Farnsworth ("City Defendants"). On January 21, 2022, the City Defendants were dismissed with prejudice pursuant to a good faith settlement. ECF No. 64. This action is now proceeding against Defendants Bail Hotline Bail Bonds, Inc., American Surety Company, Alex Hastings, Fugitive Recovery Investigations, Inc., and Brian Smith (collectively, "Bail Defendants") on state law negligence and trespass claims. See Second Am. Compl., ECF No. 31. Presently before the Court is Bail Defendants' Motion for Summary Judgment as to those remaining claims. ECF No. 44.

Before reaching the merits of Bail Defendants' Motion, however, the Court must scrutinize the basis for its own jurisdiction. Federal courts are of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking). While a district court may not sua sponte remand a case for procedural defects, a court may sua sponte remand a case if it lacks jurisdiction. Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Because all federal claims upon which federal jurisdiction was based have been dismissed, the Court declines to exercise supplemental jurisdiction over this matter. See 28 U.S.C. § 1367(c)(3). Accordingly, the Court sua sponte REMANDS this case back to the originating state court, the Superior Court of California, County of Sacramento, for final adjudication.[1] Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is ordered to mail a certified copy of this Order of remand to the clerk of the originating state court. The state court may thereupon proceed with this case. The Clerk of Court shall thereafter close the case in this Court.

IT IS SO ORDERED.

Dated: March 25, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Bail Defendants' Motion for Summary Judgment, ECF No. 44, is thus DENIED as moot.